# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re, <br><br> Alan Todd Hunnicutt, <br><br><br>            Debtor. | C/A No. 11-04092-DD <br><br> Adv. Pro. No. 11-80155-DD <br><br> Chapter 7 <br><br> **ORDER** |
| Joshua Ryan Drennan, <br><br>            Plaintiff, <br><br> v. <br><br> Alan Todd Hunnicutt, <br><br>            Defendant. | |

  This matter is before the Court on a Motion to Dismiss Adversary Proceeding ("Motion to Dismiss") filed by Alan Todd Hunnicutt ("Defendant") on October 4, 2011 and a Motion for More Definite Statement ("Plaintiff's Motion") filed by Joshua Ryan Drennan ("Plaintiff") on October 24, 2011.  A hearing was held on both Motions on November 1, 2011.  Defendant filed a memo of authority in support of his Motion to Dismiss, making Plaintiff's Motion moot.  At the conclusion of the hearing, the Court took the remaining matter under advisement for further consideration.  The Court now makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

  Plaintiff commenced this adversary proceeding against Defendant on September 27, 2011, seeking a determination of the nondischargeability of a debt under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6).  Plaintiff's complaint alleges that Plaintiff was an employee of Defendant's corporation, Motion Forward Technologies, Inc. ("Motion Forward") beginning in 2002.  Plaintiff alleges that Defendant failed to pay him for several pay periods and that when Plaintiff questioned Defendant about the missed paychecks, Defendant assured

Plaintiff that he would get paid.  Plaintiff's Complaint states that Plaintiff ceased working for Defendant and never received compensation for his work.  Plaintiff obtained a judgment for treble damages and attorney's fees against Defendant under the South Carolina Wage Payment Act in the South Carolina Court of Common Pleas in 2007.  Defendant filed a chapter 7 bankruptcy case on June 29, 2011.  Plaintiff's judicial lien was avoided pursuant to 11 U.S.C. § 522(f) by an Order entered on August 23, 2011.  Plaintiff now seeks a determination that the debt is nondischargeable.

## CONCLUSIONS OF LAW

Defendant's Motion to Dismiss is based on Federal Rule of Civil Procedure 12(b)(6).  That Rule provides that a complaint can be dismissed if it fails to state a claim for which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion does not address any substance of the case, but merely tests the sufficiency of the complaint.  *Johnson v. Portfolio Recovery Assocs., LLC,* 682 F. Supp.2d 560, 567 (E.D. Va. 2009)  (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).  In assessing a complaint, the court should assume all facts alleged in the complaint are true.  *Id.* (quoting *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)).  However, courts do not have to accept as true any legal conclusions, "'unwarranted inferences, unreasonable conclusions, or arguments.'"  *Id.* (quoting *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)).

Fed. R. Civ. P 8(a)(2) is also relevant to a 12(b)(6) motion.  Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This is necessary in order to give the defendant fair notice of the claim plaintiff is asserting and the grounds for such claim.  *Johnson,* 682 F.Supp.2d at 567 (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A motion to dismiss based on Rule 12(b)(6) should be granted if the complaint does not contain sufficient facts to state a claim which is plausible on its face. *Johnson*, 682 F.Supp.2d at 567 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). It does not have to appear from the complaint that the plaintiff is likely to succeed; all that is required is that the complaint states enough facts for the claim to be facially plausible and "'raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Johnson*, 682 F. Supp.2d at 567 (quoting *Twombly*, 550 U.S. at 555, 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

## I. 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6)

Defendant complains that Plaintiff's complaint is deficient with respect to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6) because the complaint fails to link the facts alleged to the legal conclusions set forth in it. Defendant complains that Plaintiff has engaged in "shotgun pleading" which is improper and provides inadequate notice for him to respond. Defendant requests that Plaintiff's section 523(a)(2)(A) and 523(a)(6) causes of action be dismissed with leave to amend.

After reviewing Plaintiff's complaint, it appears that it does not meet the pleading standards set forth above. For each cause of action, Plaintiff's complaint states, "Plaintiff incorporates the above referenced paragraphs by reference as if recounted at length herein." Complaint, docket #1. The complaint then recites each element of each cause of action. Instead

of applying specific facts to these elements, the complaint simply states, "As outlined and pleaded more fully above, . . . ." *Id.* Simply incorporating by reference all facts set forth in the entire complaint does not put a defendant on notice of the plaintiff's claims and the grounds for those claims and puts the defendant at a disadvantage when attempting to respond. The particular facts which support each element of each cause of action should be set forth, and their relevance and applicability to the particular legal claim the plaintiff is attempting to plead should be expressly stated. Plaintiff's complaint does not meet the pleading standards under Fed. R. Civ. P. 8(a)(2), *Ashcroft*, and *Twombly*, discussed in detail above. Plaintiff's causes of action as to sections 523(a)(2)(A) and 523(a)(6) are dismissed without prejudice. Plaintiff has leave to amend his complaint to sufficiently plead these causes of action within thirty (30) days.

## II.  11 U.S.C. § 523(a)(4)

11 U.S.C. § 523(a)(4) states, "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt – . . . (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Defendant argues that Plaintiff fails to state a claim upon which relief can be granted with respect to fraud or defalcation because the parties did not have a fiduciary relationship. With respect to Plaintiff's allegations regarding embezzlement, Defendant argues that failure to pay wages does not meet the definition of embezzlement and therefore no claim of embezzlement can be stated. Defendant requests that Plaintiff's section 523(a)(4) cause of action be dismissed with prejudice because Plaintiff cannot state a section 523(a)(4) cause of action under any version of the facts and therefore amendment of the complaint would be futile.

At the hearing Plaintiff relied on *Zamora v. Jacobs (In re Jacobs)*, 448 B.R. 453 (Bankr. N.D. Ill. 2011). In that case, the court found that a fiduciary relationship existed between an

employee and the president and sole owner of the employer with respect to the employee's unpaid wages "because of the imbalance in [the parties'] duties and responsibilities on the job, as well as the difference of knowledge and power between the two parties." *Zamora,* 448 B.R. at 480.  Defendant argues that this result is not consistent with the law in this Circuit, and additionally contends that *Zamora* is incorrectly decided.

The Court agrees that the law in the Fourth Circuit differs from the Seventh Circuit underpinnings of *Zamora* and as a result, *Zamora* does not control in the instant case.  In the Fourth Circuit, the definition of "fiduciary" is governed by federal common law and is strictly construed in dischargeability actions. *Arrow Concrete Co. v. Bleam (In re Bleam)*, 356 B.R. 642, 649 (Bankr. D.S.C. 2006) (citing *Davis v. Aetna Acceptance Co.*, 293 U.S. 328 (1934)).  *See also Lewis v. Payne (In re Payne)*, No. 08-03647-JW, Adv. Pro. No. 08-80175-JW, at 5 (Bankr. D.S.C. Apr. 7, 2009); *Youmans v. Pasco (In re Pasco)*, No. 97-04421-W, Adv. Pro. No. 97-80289-W, at 6 (Bankr. D.S.C. Oct. 29, 1998) (quoting *Bradley v. Kelley (In re Kelley)*, 948 F.2d 1281 (4th Cir. 1991)). A fiduciary relationship arises only in those situations in which there exists an express or technical trust. *Harrell v. Merchant's Express Money Order Co. (In re Harrell)*, 173 F.3d 850, at *3 (4th Cir.1999).  In determining whether such a trust was created, the Court should look to state law. *Kubota Tractor Corp. v. Strack (In re Strack)*, 524 F.3d 493, 498 (4th Cir. 2008).

In South Carolina, a trust is established if there exists "a declaration creating the trust, a trust *res*, and designated beneficiaries." *Whetstone v. Whetstone*, 309 S.C. 227, 231, 420 S.E.2d 877, 879 (Ct. App. 1992).  A trust arises where parties agree that one party will transfer property to another, so that the transferee can administer the property for the benefit of the transferor. *Payne*, at 5 (quoting *State v. Jackson*, 338 S.C. 565, 570, 527 S.E.2d 367, 370 (Ct. App. 2000)).

For a trust to be created there must be some agreement establishing a trust relationship or some other legal foundation establishing the trust.

No trust exists in a simple employer/employee relationship. Such a relationship is merely comprised of an agreement for the employee to perform work and the employer to compensate him for the work he performs. No agreement for one party to hold and administer property on behalf of another exists. Plaintiff presented no facts showing that his employer/employee relationship was unusual or different in any respect than a traditional employer/employee relationship. Because no trust existed between Plaintiff and Defendant, no fiduciary relationship was present. As a result, as currently pled, Defendant's debt to Plaintiff cannot be found nondischargeable based on defalcation while acting in a fiduciary capacity under section 523(a)(4).

Plaintiff's complaint also contains an allegation regarding embezzlement under section 523(a)(4), but this allegation suffers from the same deficiency as Plaintiff's section 523(a)(2)(A) and 523(a)(6) causes of action. The complaint contains one sentence, where merely states, "Moreover, as outlined and pleaded more fully above, Debtor/Defendant embezzled money from Motion Forward thereby ensuring that Motion Forward had insufficient money to pay employees such as the Plaintiff." Plaintiff's Complaint, docket #1. First, this exception to the dischargeability of a debt is designed to reach instances where one embezzles funds from the complaining party, not from some other party, as here. Additionally, this conclusory statement is not sufficient to plead a cause of action under section 523(a)(4). Because Plaintiff's complaint does not state a section 523(a)(4) claim on which relief can be granted, Plaintiff's section 523(a)(4) cause of action is dismissed without prejudice. Although the Court finds that no fiduciary relationship exists between the parties based on their employer/employee relationship,

it is possible that a fiduciary relationship could exist between the parties based on facts not currently included in Plaintiff's complaint. As a result, the Court gives Plaintiff leave to amend his complaint to, if possible, sufficiently plead his section 523(a)(4) cause of action within thirty (30) days.

## CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed without prejudice. Plaintiff may amend his complaint to sufficiently plead his 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6) causes of action, based on the standards set forth above, within thirty (30) days.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**11/08/2011**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 11/09/2011